[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 21, 2011
JOHN LEY
CLERK

No. 10-11638
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00556-SDM-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO CALDERON-GAMEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 21, 2011)

Before EDMONDSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Rogelio Calderon-Gamez appeals his 27-month sentence imposed after he pleaded guilty to illegally reentering the United States following his deportation in violation of 8 U.S.C. § 1326(a) and (b)(1). Calderon-Gamez contends that his sentence is procedurally unreasonable because the district court failed to adequately explain its sentence and substantively unreasonable because the sentence is greater than necessary to achieve the purposes of sentencing.

## I.

Calderon-Gamez, a Mexican citizen, entered the United States in 1989 at the age of 15, and he was assigned an Alien Registration Number.[1] In 1999, Calderon-Gamez was convicted of his first felony—possession of cocaine—and was sentenced to three years probation. He failed to follow the terms of his probation and was deported to Mexico in 2001. He thereafter illegally reentered the United States, and in 2005 he was arrested for possession of methamphetamine and the unauthorized possession of a driver's license. He was convicted of those charges and sentenced to 366 days in prison. In 2006, after his release, he was sentenced to 21 months imprisonment, followed by 36 moths of supervised release, for his

---

[1]Although the Bureau of Immigration and Customs Enforcement records indicate that Calderon-Gamez first entered the United States in 1989, he asserts that he came to the United States in 1987 at age 13. That inconsistency, however, has no bearing on this case.

illegal reentry into the United States after being deported. After serving that prison sentence, Calderon-Gamez was deported—for a second time—to Mexico.

Calderon-Gamez once again illegally reentered the United States, and in 2009 he was arrested for unlawfully carrying a weapon—a switch blade. As a result, the supervised release from his previous conviction was revoked and he was sentenced to 6 months imprisonment. He then pleaded guilty to and was convicted of illegal reentry into the United States, which led to this appeal.

Based on Calderon-Gamez's offense, criminal history, and acceptance of responsibility, his recommended guidelines range was 21 to 27 months imprisonment. U.S.S.G. Ch. 5 Pt. A (sentencing table). He was subject to a statutory maximum sentence of 120 months imprisonment. The district court, after stating that it had considered the "policies and guidelines of the United States Sentencing Commission," and the "advisory guideline sentence," and "the factors arrayed at 18 U.S.C. § 3553(a)," and that Calderon-Gamez is a "persistent and . . . actively defiant offender," found that a 27-month sentence at the top of the guidelines range was "sufficient but not greater than necessary" to comply with the purposes set forth in § 3553(a).

II.

"We review the reasonableness of a sentence for abuse of discretion using a two-step process."[2] United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). First, we look at "whether the district court committed any significant procedural error," and second we look at "whether the sentence is substantively reasonable under the totality of the circumstances." Id. "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the [18 U.S.C.] § 3553(a) factors." Id.

A.

To determine if a sentence is procedurally unreasonable, we consider issues such as whether the district court improperly calculated the guidelines range, treated the guidelines as mandatory instead of advisory, failed to consider the appropriate statutory factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the sentence it imposed. See United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008).

Calderon-Gamez does not contend that the district court improperly calculated the guidelines range or that it relied on clearly erroneous facts. Instead,

---

[2]Although we usually apply the plain error standard where the defendant failed to raise the issue in the district court, see United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), which the government argues occurred here, it is unnecessary to decide whether a plain error standard applies here because Calderon-Gamez's arguments fail regardless.

he argues that the court failed to adequately explain its sentence and consider the appropriate factors because it did not specifically state that it had considered Calderon-Gamez's "cultural assimilation" as a reason that it could depart downward from the guidelines range. Although we have implied that a district court may depart from the guidelines based on cultural assimilation, see Sanchez-Valencia, 148 F.3d 1273 (11th Cir. 1998), that does not mean a district court must do so nor does it mean that the district court has to specifically state it considered that issue in deciding not to vary downward from the guidelines range. See Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."); United States v. Irey, 612 F.3d 1160, 1195 (11th Cir. 2010) (en banc) ("No member of this Court has ever before indicated that a sentencing judge is required to articulate his findings and reasoning with great detail or in any detail for that matter."). Further, Calderon-Gamez did not object to the fairness of the guidelines range or specifically ask the district court to consider his cultural assimilation. See Rita, 551 U.S. at 357, 127 S.Ct. at 2468 ("Unless a party contests the Guidelines sentence generally under § 3553(a) . . . or argues for departure, the judge normally need say no more."). Accordingly, when the district court stated that it considered the § 3553(a) factors, and that it

5

was particularly disturbed by Calderon-Gamez's persistent disregard for the law, it did not impose a procedurally unreasonable sentence.

B.

To determine if a sentence is substantively unreasonable, "we must, as the Supreme Court has instructed us, consider the totality of the facts and circumstances." Irey, 612 F.3d at 1189. "[O]rdinarily we . . . expect a sentence within the Guidelines range to be reasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We will vacate a sentence for substantive unreasonableness "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Irey, 612 F.3d at 1190 (quotation marks omitted).

Here, the totality of the circumstances, including the within-the-guidelines-range sentence and Calderon-Gamez's persistant and repetitive history of violating the law, supports the 27-month sentence imposed.

**AFFIRMED.**